Mr. Chief Justice Shamcey
delivered the opinion of the court.
This action was brought by Thornton in the court below, to recover the value of a negro, which Demoss, as sheriff of Hinds county, had sold by virtue of an execution, founded on the implied undertaking or promise of the sheriff, that he did not know *618 that the negro was not liable to the execution. On the trial, the plaintiff, to establish the freedom of the negro, offered the record of a proceeding by habeas corpiis before a circuit judge, in which the negro was adjudged to be a free man. The defendant’s counsel objected to this as evidence, and the court ruled it out; whereupon, the defendant’s counsel ashed the court if this record would be admitted, in connexion with proof of notice to Demoss of the proceeding by habeas corpus, and was answered in the negative, and thereupon the plaintiff suffered a nonsuit, with leave to set it aside during the term, and brings the case up because of the refusal of the court to set aside the nonsuit.
The nonsuit was so far voluntary as to preclude the plaintiff from a right to have the judgment reversed. But if this were not so, still the record was incompetent evidence for want of jurisdiction in the judge who tried the habeas corpus, and therefore properly excluded. In all civil proceedings, negroes are regarded by our laws as property, and the owner or claimant cannot be deprived of his right or claim, except by the verdict of a jury. The 48th section of the act in relation to slaves, H. & H. Dig. 166, provides the mode by which any negro held or claimed as a slave, who claims to be free, shall establish his freedom. And it is the only remedy which he can pursue. Negroes, although persons for some purposes, are generally regarded as property, and excepted out of the general legislation in regard to persons, unless specially included. The color is prima facie evidence of liability to servitude. It is prima facie evidence of property in some one, and as a specific remedy is provided for removing the presumption, that remedy necessarily excludes every other, and must be strictly pursued.
Judgment affirmed.